IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-00836-RM-CYC

DETLEV HELMIG,

    Plaintiff,

v.

THE UNIVERSITY OF COLORADO BOARD OF REGENTS,
JUSTIN SCHWARTZ, in his official capacity,
TERRI FIEZ, in her individual capacity,
GIFFORD MILLER, in his individual capacity, and
MERRITT TURETSKY, in her individual capacity,

    Defendants.

---

## ORDER
---

    This employment case is before the Court on Defendants' Motion for Summary Judgment (ECF No. 88), which has been briefed and is ripe for review. (ECF Nos. 96, 102.) The Court grants the Motion for the reasons below.

**I.    BACKGROUND**

    Plaintiff was an Associate Research Professor at the University of Colorado at Boulder ("CU"), Institute of Arctic and Alpine Research ("INSTAAR"), from 2003 until his termination in 2020. (ECF No. 103, ¶¶ 1, 44.) Defendants' Motion hinges on whether Plaintiff held a protected property interest in continued employment with CU when he was fired without any opportunity to be heard or other due process. (*See id.* at ¶ 84.)

    According to Plaintiff's January 24, 2003 appointment letter, his non-tenure track appointment was set to end no later than June 30, 2006 but was also subject to renewal "in

accordance with University provisions concerning renewal and reappointment found in the Laws of the Regents." (ECF No. 89-1 at 1.)  The appointment letter further stated: "Your employment contract is subject to termination by either party to such contract at any time during its term, and you shall be deemed to be an employee-at-will." (*Id.* at 2.)

In addition, Regent Policy 5L,[1] which was enacted in 2005 and remained in effect at all relevant times, provided that "[f]aculty appointed to the research associate or research professor series are employees at will, and they are not eligible for tenure." (ECF No. 89-4 at 4.)  Plaintiff does not dispute that research faculty appointments were at-will under this policy. (ECF No. 103, ¶ 6.)

After Plaintiff's initial appointment expired in 2006, Defendant never expressly renewed it. (*Id.* at ¶ 7; ECF No. 96 at 12.)  Nonetheless, Plaintiff continued as an Associate Research Professor for over ten years. (ECF No. 103, ¶ 10.)

In 2009, Plaintiff received an extension letter from INSTAAR, extending his appointment as a Fellow of INSTAAR through April 2014. (ECF No. 97-39 at 1.)  There is no evidence of any subsequent renewal.

In January 2019, INSTAAR notified Plaintiff that his appointment had lapsed and encouraged him to reapply for reinstatement. (ECF No. 89-7 at 1.)  Plaintiff was subsequently informed that, alternatively, he could apply for a promotion to Research Professor. (ECF No. 103, ¶¶ 13, 14.)  Plaintiff proceeded to file an application for promotion in April 2019 and continued to hold his appointment as Associate Research Professor while his application was pending. (*Id.* at ¶¶ 15, 16.)

---

[1] The revised version of Regent Policy 5L, which became effective after Plaintiff's termination, has no bearing on this case. (*See* ECF No. 103, ¶ 49.)

2

Plaintiff was terminated about a year later for failing to adhere to the University's policies governing conflicts of interest and the employee fiscal code of ethics.[2] (*Id.* at ¶ 44.) At that time, no decision had been made on his application for promotion. (*Id.* at ¶ 62.) Plaintiff's April 7, 2020 termination letter stated that, as an at-will employee pursuant to Colo. Rev. Stat. § 24-19-104, his employment was "subject to termination by you or the University at any time." (ECF No. 89-24 at 1.) Plaintiff was not given an opportunity to be heard or any other due process in connection with his termination. (ECF No. 103, ¶ 84.)

Plaintiff filed this lawsuit in April 2022. (ECF No. 1.) At this stage of the case, his remaining claims are for (1) deprivation of his due process rights; (2) breach of contract; and (3) promissory estoppel.

## II.   LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient

---

[2] Because the Court concludes Plaintiff was an at-will employee at the time he was fired, any factual issues regarding whether such violations occurred are immaterial for present purposes.

disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

### III. DISCUSSION

Defendants contend they are entitled to summary judgment because Plaintiff has failed to adduce any evidence showing he had a protected interest in his continued employment with CU, and therefore all three of his claims fail as a matter of law. Plaintiff contends he "held a continuous appointment as Associate Research Professor from 2003 until his termination in 2020." (ECF No. 96 at 5.) The Court agrees with Defendant for three reasons.

First, as Plaintiff concedes, there is no express contract pertaining to Plaintiff's employment at the time he was fired. (*See* ECF No. 96 at 12 (arguing that "the failure of CU expressly to renew [Plaintiff's] appointment did not deprive him of the right to continued employment").) Plaintiff's contention that an implied contract existed is addressed below.

Second, under Colorado law, state university employment is at-will unless specified exceptions apply. *See* Colo. Rev. Stat. § 24-19-104(1)(a). None of the exceptions apply in this case, *see* § 24-19-104(1.5), and Plaintiff does not argue otherwise.

Third, Regent Policy 5L, quoted above, states that research faculty appointments are at-will. (ECF No. 89-4 at 4.) Plaintiff presents no compelling reason why his appointment falls outside this policy.

Despite these headwinds, Plaintiff argues that an implied agreement existed based on

4

CU's Research Professor Policy, as amended in February 2012.[3] The Research Professor Policy provides that research professors are appointed to three- and four-year terms and states as follows: "Appointments are renewable, although the University does not accrue any obligation to renew any research faculty appointments. Limited-term appointments automatically expire at the time specified in the appointment letter, and no further notification is required." (ECF No. 97-27 at 11.) The policy goes on to state that renewal is contingent upon "satisfactory performance," "a continuing need for and interest in the research work of the individual," and "the sponsoring unit(s) being able to provide the appropriate support for the research." (*Id.*) And it further provides: "All research faculty are subject to immediate dismissal for cause on the same grounds as are applicable to regular faculty members according to the guidelines specified in the University of Colorado Faculty Handbook." (*Id.*)

Plaintiff argues that under the Research Professor Policy, he could be terminated *only* "for cause, on the same grounds as specifically enumerated for tenure-track faculty, or . . . because he lost the external funding used to pay his salary." (ECF No. 96 at 4.) But there are several flaws to this argument. First, Plaintiff cites no evidence to support his assertion that his appointment must have been renewed simply because he was not terminated. Indeed, while the Research Professor Policy contemplates that appointments *may be renewed*, it also states that appointments "automatically expire at the time specified in the appointment letter." (ECF No. 97-27 at 11; ECF No. 48-1 at 8.) Though the Research Policy does not state explicitly what

---

[3] The Research Professor Policy was revised again in 2018. (*See* ECF No. 48-1 at 1.) Plaintiff states that he was aware of both versions but has not argued or shown that any changes to the policy are relevant here. (*See* ECF No. 96 at 3.) Although this Order cites the 2012 version, the Court has also considered the pertinent provisions of the 2018 version and determined that any revisions do not alter the analysis.

becomes of research faculty whose appointments are not renewed, Plaintiff's assertion that his appointment renewed automatically is directly at odds with the language of the policy. Further, no language in the policy supports Plaintiff's unilateral expectation that he had been reappointed for another five-year term simply because he continued to enjoy the privileges associated with the appointment and "heard nothing in 2014." (ECF No. 96 at 6.) Under the circumstances, Plaintiff's purported understanding about his employment status is insufficient to raise a genuine issue for trial.

Second, no language in the Research Professor Policy supports Plaintiff's position that research faculty may be terminated *only* for cause. Rather, without addressing their at-will status, the policy states that research faculty are subject to immediate dismissal for cause on the same grounds as are applicable to other faculty members. (*See* ECF No. 97-27 at 11.) This does not mean that research faculty may be dismissed only for cause, and Plaintiff's attempt to insert such a limitation into the Research Professor Policy is unwarranted and unavailing.

Third, Plaintiff's position is at odds with Regent Policy 5L, which states that "[f]aculty appointed to the research associate or research professor series are employees at will, and they are not eligible for tenure." (ECF No. 89-4 at 4.) This provision is unambiguous. To the extent Plaintiff has identified other portions of the policy that support his position, he "may not accept those portions of the policy that are deemed to be favorable and reject those that may be considered unfavorable." *McGuire v. Continental Airlines, Inc.*, 210 F.3d 1141, 1146 (10th Cir. 2000) (quotation omitted). Plaintiff concedes that to the extent the Research Professor Policy and Regent Policy 5L conflict, the latter controls. (*See* ECF No. 96 at 4.)

Fourth, Plaintiff's position that his renewed appointment continued through April 2019 is inconsistent with the expiration notice he received from INSTAAR in January 2019, stating that

6

his appointment as a research professor had lapsed. (ECF No. 89-7 at 2.) Although Plaintiff contends the CU's observance of the Research Professor Policy was inconsistent (ECF No. 96 at 5), the expiration notice further undermines his position that he held a continuing appointment through the date of his termination.

Accordingly, the Court has little trouble finding that no implied contract existed and that Plaintiff's employment was at-will at the time of his termination. In the absence of any evidence that Plaintiff had a legally protected interest in his continued employment, he cannot show he was entitled to pre-termination process. "Colorado follows the doctrine of employment at-will: employment may be terminated by either party without cause and without notice, and termination does not give rise to a cause of action." *McGuire v*, 210 F.3d at 1145 (10th Cir. 2000) (quotation omitted). This is fatal to all his claims, and therefore Defendants are entitled to summary judgment.

## IV. CONCLUSION

The Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 88) and directs the Clerk to ENTER JUDGMENT in Defendants' favor and CLOSE this case.

DATED this 30th day of June, 2025.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge